**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ashley Edwards, individually, <br> and on behalf of all persons similarly situated, <br><br>         Plaintiffs, <br><br> v. <br><br> SEATGEEK, INC., <br><br>         Defendant. | Case No. _____ <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Ashley Edwards ("Plaintiff") brings this action individually and on behalf of all others similarly situated, against SeatGeek, Inc. ("SeatGeek" or "Defendant"). Plaintiff alleges the following upon information and belief and upon the investigation of counsel:

<u>**INTRODUCTION**</u>

1.      This is a proposed Class Action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant SeatGeek, Inc., arising from its practice of deceptively adding mid-transaction fees to customer ticket purchases.

2.      When customers first view event tickets on https://www.seatgeek.com or its mobile app, SeatGeek displays one ticket price. However, after customers select tickets and as they click through to complete their transaction, they discover the price has increased to include significant amounts in unexplained fees which customers must pay to make their purchase.

3.      Because SeatGeek intentionally hides fees mid-transaction so they are not initially visible, SeatGeek draws in reasonable customers with deceptively low ticket prices. Only after customers are about to complete their purchase do they discover that ticket prices have increased

nearly 40% above the price for which customers initially bargained. This practice is sometimes referred to as "bait-and-switch"[1] or "drip pricing."[2]

4.      As a result of its deceptive pricing methods, SeatGeek has raked in millions of dollars at the expense of customers, who would not otherwise have paid for additional fees in the absence of SeatGeek's deceptively low prices.

5.      SeatGeek's practice of luring customers with deceptively low ticket prices has injured Plaintiff and Class Members, causing them to pay amounts for tickets in excess of what they otherwise would have paid. Plaintiff seeks relief individually and on behalf of all other SeatGeek ticket purchasers for actual and statutory damages, reasonable attorneys' fees and costs, and injunctive relief.

6.      Defendant's deceptive pricing methods violate New York Arts and Cultural Affairs Law §25.07(4) and constitute unjust enrichment.

## PARTIES

7.      Plaintiff Ashley Edwards is an individual who at all relevant times was a citizen and resident of New York. Plaintiff purchased tickets to the play Funny Girl at the August Wilson Theatre through SeatGeek's website on or around March 11, 2023. When Plaintiff first visited SeatGeek's website, the listed ticket price was $259. However, once she selected tickets for purchase, the listed ticket price increased and included $29.34 in fees.

---

[1] Adam Hayes, *Bait and Switch: Definition, How Strategy Works, and Tips to Avoid*, Investopedia (June 2, 2022), https://www.investopedia.com/terms/b/bait-switch.asp
[2] Will Kenton, *Drip Pricing: What it Means, How it Works*, Investopedia, (Jan. 24, 2023), https://www.investopedia.com/terms/d/drip-pricing.asp.

8.     Defendant, SeatGeek, Inc., is a Delaware corporation with its principal place of business in New York, NY. SeatGeek owns and operates the website http://www.seatgeek.com and the SeatGeek app.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class Members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class Member is a citizen of a state different from Defendant.

10.     Defendant sold over 100,000 tickets through its website during the applicable class period and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

11.     This Court has personal jurisdiction over Defendant because Defendant directed their business via the sale of through their website and app to consumers in New York, including to Plaintiff. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident of Kings County.

## GENERAL ALLEGATIONS

12.     SeatGeek is one of many online ticket exchange platforms that offers consumers the ability to purchase tickets for events like concerts, sporting events, theatre performances, and other live entertainment events. Consumers may use SeatGeek's website (https://www.seatgeek.com) or the SeatGeek app to search for and purchase tickets for events around the country, subject to SeatGeek's use of drip pricing.

13.     "Drip pricing" is a type of bait-and-switch pricing method that refers to "the practice of advertising only part of a product's price upfront and revealing additional charges later as consumers go through the buying process."[3]

14.     Behavioral economists have advanced several explanations why this pricing method so effectively locks in consumer purchases, but economists agree that drip pricing exploits consumers' demonstrated drive to complete a commenced purchase, even after a seller has introduced surprise fees, due to a sense they will incur a loss by abandoning the transaction.[4]

15.     Empirical studies have shown that drip pricing is likely to make consumers "systematically . . . pay more for goods and services" than if a seller accurately displays the total price at the outset of a transaction.[5]

16.     The FTC has been concerned about undisclosed junk fees in consumer transactions, particularly in the live event ticket industry.  In 2023, the FTC proposed a rule that would regulate the imposition of these unfair and deceptive fees and conduct, such as drip pricing.[6]  The proposed rule is still under consideration.

17.     As part of the process, the FTC invited public comment on its proposed rule. One such commentator was TickPick, LLC.  Like SeatGeek, TickPick is a seller of event tickets. However, unlike SeatGeek, TickPick does not engage in the deceptive practices alleged herein.

---

[3] Mary W. Sullivan, Fed. Trade Comm'n, Econ. Analysis of Hotel Resort Fees (2017), https://www.ftc.gov/reports/economic-analysis-hotel-resort-fees.

[4] Steffen Huck & Brian Wallace, *The impact of price frames on consumer decision making: Experimental evidence*, at 1-3 (Oct. 15, 2015).

[5] Nat'l Econ. Council, The Competition Initiative and Hidden Fees 7-15 (2016), https://obamawhitehouse.archives.gov/sites/whitehouse.gov/files/documents/hiddenfeesreport_1 2282016.pdf ; *see generally* Bringing Dark Patterns to Light, Fed. Trade Comm'n (2022), https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%209.14 .2022%20-%20FINAL.pdf.

[6] Trade Regulation on Unfair or Deceptive Fees, 88 Fed. Reg. 77,420 (proposed Nov. 9, 2023) (to be codified at 16 C.F.R. pt. 464).

According to TickPick, "[t]he first price you see for a ticket on TickPick is the price charged for that ticket[,]" which does not include "hidden fees, ever."[7]

18.     Additionally, TickPick notes that the practice of drip-pricing is an unfair and deceptive practice, one that is engaged in by most ticketing marketplaces.[8] Interestingly, the unfair practice of drip pricing in the ticketing industry has been eliminated in other jurisdictions, such as Canada.[9]

19.     TickPick is not the only ticketing platform that eschews deceptive pricing methods.

20.     For example, when looking for tickets on the website of EventBrite, Inc. (www.eventbrite.com), consumers see the fees they will pay to complete their transaction as soon as they select an event. *See Figure 1*.

---

[7] TickPick LLC, Comment Letter on Proposed Rule on Unfair or Deceptive Fees (Nov. 9, 2023), https://www.regulations.gov/comment/FTC-2022-0069-6078.
[8] *Id*.
[9] *Id*.



*Figure 1*

21.     Additionally, EventBrite's transaction process explains the purpose of the fees paid.

*See Figure 2.*

*Figure 2*

22.     When consumers arrive at the final screen to complete their ticket purchase through EventBrite, the total remains what consumers saw when they first viewed the event. *See Figure 3*.



*Figure 3*

23.     In contrast, when consumers select an event through SeatGeek,[10] they see a venue map displaying the base price of tickets by section, none of which includes fees ("base price"). *See Figure 4*.

---

[10] Figures 4-7 depict the user interface of SeatGeek's app, but Plaintiff's allegations apply in equal measure to the SeatGeek's website.



*Figure 4*

24.     Even when consumers select a venue section in which to purchase a seat, SeatGeek still does not display fees. *See Figure 5*.



*Figure 5*

25.     Even the following screen fails to display fees, though it does show consumers that the total for their tickets has increased sharply. *See Figure 6.*



*Figure 6*

26.     It is not unless consumers click the small "View Details" button next to their newly-increased total that they see a line item for "Fees." Even after doing so, however, users find no explanation for the price increase beyond the word "Fees." *See Figure 7*.



*Figure 7*

27.    SeatGeek captures consumers' purchases by deceptively advertising low ticket prices at the outset of consumer transactions and waiting to introduce unavoidable fees until consumers are mid-transaction and psychologically committed to completing their purchase.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Class: Purchasers of tickets through Defendant's website https://www.seatgeek.com or the SeatGeek app who were subjected to a SeatGeek's ticket sales interface.

29.     Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

30.     Plaintiff reserves the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

31.     This action may be certified as a class action under Federal Rule of Civil Procedure 23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

32.     **Numerosity**: At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that there are hundreds of thousands of Class Members, who are so numerous that joinder of all members is therefore impractical. The number and identities of Class Members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

33.     **Typicality**: Plaintiff, like the other customers of Defendant, have been subjected to Defendant's deceptive pricing methods. Plaintiff is a member of the Class, and her claims are

typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class Members that was caused by the same misconduct of Defendant.

34.    **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

35.    **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members is relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

36.    **Commonality:** The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including:

      a.   Whether Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the total cost of ticket, including all fees, prior to the tickets being selected for purchase;

      b.   Whether Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing ticket prices mid-transaction;

      c.   Whether Defendant violated New York Arts & Cultural Affairs Law by failing to disclose fees in a clear and conspicuous manner;

    d.   Whether Defendant's conduct misled or had the tendency to mislead consumers;

    e.   Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

    f.   Whether Defendant's conduct constituted violations of the laws asserted;

    g.   Whether Plaintiff and Class Members were harmed by Defendant's misrepresentations;

    h.   Whether Plaintiff and Class Members were injured by Defendant's conduct;

    i.   If Defendant's conduct harmed Plaintiff and Class Members, the proper measure of Plaintiff's and Class Members' damages; and

    j.   Whether an injunction is necessary to prevent Defendant from continuing to deceptively advertise ticket prices on its website and app.

37.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

38.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

39.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

40.    Given that Defendant has not indicated any changes to its conduct, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### NEW YORK ARTS & CULTURAL AFFAIRS LAW § 25.07
### (On Behalf of Plaintiff and All Class Members)

41. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

42. In 2022, New York passed New York Arts and Cultural Affairs Law § 25.07(4), effective on August 29, 2022, specifically to prohibit drip pricing in ticket sales.

43. This law requires that ticket merchants such as SeatGeek:

> shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. *Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase.* Disclosures of subtotals, fees, charges, and any other component of the total price shall not be false or misleading . . . . *The price of the ticket shall not increase during the purchase process.*[11]

44. This law provides that violators will be liable for the greater of a plaintiff's actual damages or $50 per violation.[12]

45. Under N.Y. Arts & Cult. Affs. Law § 25.07(4), Defendant is a "platform that facilitates the sale or resale of tickets."

46. Under N.Y. Arts & Cult. Affs. Law § 25.07(4), Defendant was required to "disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in

---

[11] N.Y. Arts & Cult. Affs. Law § 25.07(4) (emphases added).
[12] N.Y. Arts & Cult. Affs. Law § 25.33.

dollars that represents a service charge, or any other fee or surcharge to the purchaser" at the first point of user interface that displays ticket prices on their website or app.

47.     Defendant, through its failure to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected has violated New York Arts & Cultural Affairs Law § 25.07(4).

48.     Moreover, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during ticket purchase transactions.

49.     Furthermore, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser."

50.      Defendant's mid-transaction fees are "ancillary fees that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Affs. Law § 25.07(4).

51.     Plaintiff purchased tickets through Defendant's website and was forced to pay Defendant's fees in order to secure her tickets. Plaintiff was harmed by paying this added charge, because the total cost was not disclosed to Plaintiff at the beginning of the transaction, which is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

52.     Plaintiff was also harmed by paying these fees since they were not clearly and conspicuously disclosed on the final checkout page, and therefore, are unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

53.     Plaintiff, on behalf of herself and all Class Members, seeks to enjoin the unlawful acts and practices described herein, to recover the greater of actual or statutory damages, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Affs. Law § 25.33.

## COUNT II
## UNFAIR AND DECEPTIVE TRADE PRACTICES,

**N.Y. Gen. Bus. Law § 349,** *et seq***.**
**(On behalf of Plaintiff and All Class Members)**

54. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

55. Defendant's practices, acts, policies, and course of conduct, including its omissions, as described above, were intended to induce, and did induce, Plaintiff and Class Members to purchase the above-mentioned tickets while failing to disclose the total cost of the tickets.

56. Defendant's acts are and were deceptive acts or practices which are and/or were, likely to mislead a reasonable consumer purchasing tickets. The sale and distribution of tickets was a consumer-oriented act and thereby falls under the New York deceptive acts and practices statute, N.Y. Gen. Bus. Law § 349, *et seq.*

57. Defendant's practices, acts, policies and course of conduct violated N.Y. Gen. Bus. Law § 349, *et seq.*

58. At the time of sale, Defendant knowingly misrepresented and intentionally omitted and concealed material information regarding the total cost of the tickets. This concealed or omitted information is the type of information upon which a consumer would be expected to rely in deciding whether to purchase, or how much to pay for, tickets.

59. Thereafter, Defendant failed to disclose the total cost of tickets.

60. The aforementioned conduct is and was deceptive and false, and constitutes an unconscionable, unfair, and deceptive act or practice in that Defendant has, through knowing, intentional, and material omissions, concealed the total cost of tickets.

61. By making these misrepresentations of fact and/or material omissions to prospective customers while knowing such representations to be false, Defendant has

misrepresented and/or knowingly and intentionally concealed material facts and breached its duty not to do so.

62.     Members of the public were deceived by Defendant's failure to disclose and could not discover the total cost of the tickets themselves before suffering their injuries.

63.     As a direct and proximate result of these unconscionable, unfair, and deceptive acts or practices, Plaintiff and Class Members have been damaged as alleged herein and are entitled to recover actual damages to the extent permitted by law, including in inflated price injury, and/or statutory damages, in an amount to be proven at trial.

64.     Plaintiff and Class Members also seek appropriate equitable relief, including an order requiring defendant to adequately disclose the total cost of tickets in the future.

## COUNT III
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and All Class Members)

65.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

66.     Defendant's wrongful acts and omissions, as set forth herein, unjustly deprived Plaintiff and Class Members of the benefit for which they bargained and to which they are entitled.

67.     Defendant was enriched by keeping the financial benefit it gained from charging Plaintiff and Class Members via deceptive pricing methods.

68.     It would be inequitable and unconscionable for Defendant to retain the profit, benefit, and other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

69.     Plaintiff, on behalf of herself and all others similarly situated, seeks restitution from Defendant, and an order of this Court proportionally disgorging all profits, benefits, and other compensation wrongfully obtained by Defendant from its conduct.

**COUNT IV**
**FRAUDULENT INDUCEMENT**
**(on Behalf of Plaintiff and All Class Members)**

70.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

71.     This is a claim for common law fraudulent inducement, including inducement by fraudulent concealment.

72.     SeatGeek fraudulently induced Plaintiff to use their services and purchase tickets for live entertainment through misrepresentations concerning promises of low ticket prices and not revealing added on junk fees, increasing the ticket price by nearly 40% before the transaction was completed.

73.     SeatGeek knew its representations of low ticket prices were false as it failed to disclose the added-on junk fees until mid-transaction.  SeatGeek further knew and understood its statement of low ticket prices was material to Plaintiff and Class Members in purchasing tickets from SeatGeek.  Accordingly, SeatGeek's representations of low ticket prices to Plaintiff and Class Members were false and misleading.

74.     SeatGeek therefore fraudulently induced Plaintiff and Class Members to purchase tickets without disclosing material facts, including the fact that additional junk fees, that were not tied to any specific service, were going to be tacked on to the overall ticket price.

75.     These omissions and misrepresentations, if known, would have impacted a reasonable consumer's decision to purchase tickets from SeatGeek.

76.     Plaintiff and each Class Member reasonably relied on the same misrepresentations and omissions concerning the false promise of low ticket prices and the concealment of junk fees added mid-transaction. These misrepresentations and omissions were uniformly misstated in the same manner on SeatGeek's website and app.  These misrepresentations and omissions were relied on by all SeatGeek ticket customers.

77.     Plaintiff and Class Members are entitled to all available damages on the basis of the foregoing material omissions and misrepresentations that induced them to purchase tickets from SeatGeek, including but not limited to, recovery of the mid-transaction junk fees, interest, and all other damages recoverable under law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class;

(d) For compensatory and statutory damages in amounts to be determined;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.


Dated: May 2, 2024                          Respectfully submitted,


                                            _Nicholas A. Migliaccio_
                                            Nicholas A. Migliaccio
                                            Jason S. Rathod *
                                            **Migliaccio & Rathod LLP**
                                            412 H St., NE
                                            Washington, DC 20002
                                            (202) 470-3520 (Tel.)
                                            (202) 800-2730 (Fax)
                                            E-mail: nmigliaccio@classlawdc.com
                                                       jrathod@classlawdc.com

                                            David A. Goodwin *
                                            Daniel E. Gustafson *
                                            Matt Jacobs *
                                            **GUSTAFSON GLUEK PLLC**
                                            120 South Sixth Street #2600
                                            Minneapolis, MN 55402
                                            Telephone: (612) 333-8844
                                            E-mail: dgoodwin@gustafsongluek.com
                                                       dgustafson@gustafsongluek.com
                                                       mjacobs@gustafsongluek.com

                                            Scott D. Hirsch *
                                            **SCOTT HIRSCH LAW GROUP PLLC**
                                            6810 N. State Road 7
                                            Coconut Creek, FL 33073
                                            Tel: (561) 569-7062
                                            scott@scotthirschlawgroup.com


                                            *Attorneys for Plaintiff*
                                            * pro hac vice admission to be sought