# Cooley

Christopher Andrews  **VIA ECF**
T: +1 212 479 6862
candrews@cooley.com

July 23, 2024

The Honorable Nicholas G. Garaufis
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Edwards v. SeatGeek, Inc.*, Case No. 1:24-cv-03288-NGG-JAM

Dear Judge Garaufis:

This firm is counsel to Defendant SeatGeek, Inc. ("SeatGeek") in the above-referenced action. Pursuant to Section IV.A of Your Honor's Individual Rules, we write to request a pre-motion conference for SeatGeek's anticipated motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* and motion to dismiss the Class Action Complaint ("CAC") (ECF No. 1) under Rules 12(b)(1) and 12(b)(6). Pursuant to Section IV(A)(3) of Your Honor's Individual Rules, this letter is submitted as a request for an extension of SeatGeek's time to answer based on its intent to file a dispositive motion in lieu of an answer.

## I.   BACKGROUND

This is one of more than 30 copycat actions recently filed across this state under the "All-In Pricing" law, N.Y. ARTS & CULT. AFF. LAW § 25.07(4). It is also the second such case filed against SeatGeek.[1] Plaintiff Ashley Edwards ("Plaintiff") completed a purchase on SeatGeek's website and alleges that SeatGeek has been improperly charging customers in violation of the law because certain transaction fees are not "initially visible." CAC ¶ 3. Based on these same allegations, Plaintiff also brings claims for violations of N.Y. GEN. BUS. LAW § 349, for fraudulent inducement, and for unjust enrichment. The CAC suffers from numerous defects, as set forth herein.

## II.   THE COURT SHOULD DISMISS THIS ACTION UNDER THE FIRST-TO-FILE RULE

The Court should dismiss this action under the first-to-file rule. "As a general rule, [w]here there are two competing lawsuits, the first suit should have priority." *Emplrs. Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 272 (2d Cir. 2008). Pursuant to this rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *See Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013). "The lawsuits need not be identical, but the claims and rights raised . . . must not differ substantially." *Id.* Applying these principles here, dismissal is warranted "to promote docket efficiency and interests of comity." *Id.*; *Lexico Enters., Inc. v. Cumberland Farms*, Inc., 686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010) (dismissing case pending in

---

[1] As outlined below, this case was filed three months after *Vasell v. SeatGeek, Inc.*, Case No. 1:24-cv-00932-NCM-JRC (E.D.N.Y. filed February 6, 2024).

July 23, 2024
Page 2

same court because facts essential to the second suit were present in the first suit); *Byron v. Genovese Drug Stores, Inc.*, 2011 WL 4962499, at *3–4 (E.D.N.Y. Oct. 14, 2011) (similar).

The instant lawsuit is virtually identical to another class action filed three months earlier in this district against the same defendant, based on the same factual allegations and legal claims. *Compare Vasell with Edwards*. The gravamen of both actions is that SeatGeek violated the All-In Pricing law "through [its] failure to disclose the 'total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket.'" (*Edwards* Compl. ¶ 59; *Vasell* Compl. ¶ 46). These actions seek the same relief: injunctive relief, restitution, compensatory and statutory damages. (*Edwards* Compl. Prayer for Relief; *Vasell* Compl. Prayer for Relief). And dismissal would not prejudice Plaintiff Edwards, as she is already a member of the putative class in *Vasell*. By contrast, proceeding with parallel actions would be inefficient and "patently unfair" to SeatGeek, *Castillo, LLC*, 960 F. Supp. 2d at 404, as the parties are midway through briefing on the motion to compel arbitration and/or motion to dismiss. *See* Letter of Service, *Vasell*, 1:24-cv-00932-NCM-JRC (E.D.N.Y. July 15, 2024) (confirming service of motion to compel arbitration and motion to dismiss).

Should the Court decline to dismiss this case, in the interest of efficiency and comity, it should either stay this action or consolidate this matter with the *Vasell* action, so that both actions are before the Honorable Judge Natasha Merle. *See Rubinstein v. Vivid Seats Inc.*, Case No. 2:24-cv-01387-PKC-AYS (E.D.N.Y. June 10, 2024) (consolidating cases relating to All-in Pricing law).

### III. PLAINTIFF'S CLAIMS SHOULD BE COMPELLED TO ARBITRATION

If the Court declines to dismiss the action as duplicative, it should compel Plaintiff's claims to arbitration.

***First***, as in *Vasell*, Plaintiff affirmatively agreed to arbitrate her claims against SeatGeek and waived her right to bring a class action. Before purchasing a ticket on SeatGeek's website, she click-accepted SeatGeek's March 3, 2023 Terms of Use ("TOU") which contain a mandatory arbitration clause and class action waiver. *See* Ex. A. SeatGeek will show that she clicked a button, and that text directly above that button contained a hyperlink to SeatGeek terms advising her that clicking would bind her to that agreement. Click accepting in this manner forms a valid contract. *See, e.g.*, *Teta v. Go N.Y. Tours, Inc.*, 2024 WL 3252907, at *3–5 (S.D.N.Y. July 1, 2024) (compelling arbitration in All-in Pricing law case given click-wrap agreement).

The TOU contains clear arbitration clauses and class action waivers, providing as follows:

> **14.1 Dispute Resolution/Notice Regarding Mandatory Arbitration.** Except as specifically stated in this "Dispute Resolution" Section, any dispute, claim or controversy between you and SeatGeek . . . . arising out of, relating in any way to, or in connection with the Terms and Conditions, the Site or your use of the Site, or your Personal Information, including those that arose before you accepted these Terms and Conditions,  . . . shall be resolved exclusively by final, binding arbitration . . .

July 23, 2024
Page 3

> **14.2 Waiver of Class or Other Non-Individualized Relief.** All claims and disputes within the scope of this Dispute Agreement must be arbitrated on an individual basis and not on a class or collective basis. . . .

Ex. A §§ 14.1, 14.2. Thus, Plaintiff is bound by her agreement to arbitrate and class action waiver.

***Second***, the arbitration clause is enforceable. The FAA "favor[s] arbitration agreements," requiring courts to enforce agreements "according to their terms." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127 (2d Cir. 2015). In assessing arbitration clauses, courts consider, in relevant part, "whether the parties agreed to arbitrate" and "the scope of the arbitration agreement." *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 221 (2d Cir. 2019). As shown above, Plaintiff agreed to arbitrate. In addition, the Court should easily find that the arbitration clause encompasses Plaintiff's claims. Her claims contest how SeatGeek "advertise[s] ticket prices on its website and app" (CAC ¶ 36), and thus fall within the arbitration clause as claims "arising out of" or "relating in any way to" SeatGeek's TOU, or "the Site or your use of the Site." Ex. A § 14. Courts routinely enforce arbitration clauses in similar circumstances. *See, e.g.*, *Nicholas v. Wayfair Inc.*, 410 F. Supp. 3d 448, 455–56 (E.D.N.Y. 2019) (enforcing arbitration clause); *see also Flores v. Chime Fin., Inc.*, 2022 WL 873252, at *2–3, *6 (S.D.N.Y. Mar. 23, 2022) (same).[2]

***Third***, the class action waiver is similarly enforceable and bars Plaintiff from bringing a class action. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 352 (2011) (concluding the FAA permits class action waivers); *see Castro v. TCA Logistics Corp.*, 2021 WL 7287305, at *6–7 (E.D.N.Y. Mar. 31, 2021) (enforcing class action waiver under New York law).

## IV. THE COURT SHOULD DISMISS THE CAC UNDER RULES 12(B)(1) AND 12(B)(6)

Even if the Court does not dismiss the CAC under the first-to-file rule or compel the claims to arbitration, it should dismiss under Rule 12. ***First***, Plaintiff fails to allege Article III standing; a bare statutory violation cannot confer the injury-in-fact required to support constitutional standing. *See, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021).

***Second***, because Plaintiff's claims rest on an alleged "added charge" (CAC ¶ 51) that Plaintiff concedes she knew about, these claims fail under the voluntary payments doctrine. *See, e.g.*, *Shelton v. CIOX Health, LLC*, 2018 WL 4211447, at *4 (E.D.N.Y. July 20, 2018) (dismissing complaint where plaintiff paid an obviously excessive fee for medical records without duress).

***Third***, Plaintiff's unjust enrichment claim fails for the additional reasons that it is duplicative of her claim under the All-In Pricing law and a contract governs her dispute with SeatGeek. *Golden v. NBCUniversal Media, LLC*, 2023 WL 5434378, at *13 (S.D.N.Y. Aug. 23, 2023) (dismissing

---

[2] If the Court at all questions the scope of the arbitration clause, it should delegate this issue to an arbitrator. *See* Ex. A § 14.1; *see, e.g.*, *Maldonado v. Nat'l Football League*, 2023 WL 4580417, at *5 (S.D.N.Y. July 18, 2023) (concluding arbitration clause's broad scope and incorporation of arbitration rules show the parties' intent to delegate issues of arbitrability to an arbitrator).

July 23, 2024
Page 4

unjust enrichment claim as duplicative of statutory claim); *111 W. 57th Inv. LLC v. 111 W57 Mezz Inv. LLC*, 220 A.D.3d 435, 437 (1st Dep't 2023) (dismissing unjust enrichment claim because "a written agreement govern[ed] the subject matter at issue").

***Fourth***, Plaintiff's claim under General Business Law § 349 must also be dismissed because, as shown with respect to Article III, Plaintiff has not adequately alleged any "actual injury." *Gomez-Jimenez v. N.Y. Law School*, 943 N.Y.S.2d 834, 840, 848 (Sup. Ct., N.Y. Cty. 2012) (dismissing General Business Law § 349 claim for failure to plead any actual injury, where the court could not infer any "pecuniary damages" from the alleged wrong), *aff'd*, 103 A.D.3d 13 (1st Dep't 2012).

***Fifth***, the fraudulent inducement claim requires dismissal because Plaintiff cannot allege "justifiable reliance" on any alleged misrepresentations, because she admits that SeatGeek disclosed fees prior to her purchase. CAC ¶ 26; *see also Sharma v. Walia*, 201 A.D.3d 609, 610–11 (1st Dep't 2022) (dismissing fraudulent inducement claim for failure to plead justifiable reliance because "plaintiff could have known the relevant facts had she simply read the leases").

Respectfully submitted,

*/s/ Christopher M. Andrews*
Christopher M. Andrews